The fourth argument of the morning is the United States v. Brett Siegel, Appeal No. 24-1537. Mr. Shepard. May it please the Court, good morning, Counsel. I am Adam Shepard. I represent Brett Siegel. Our principal contention on appeal is that the District Court did not adequately explain its reason for imposing a sentence above the minimum of the guideline range, which was 70 months, and the Court imposed a sentence of 76 months under 3553C1, a sentence that is over 24 months. The Court is required to point to the reasons why they are imposing a sentence not at the bottom of that range. And although the District Court acknowledged the arguments in mitigation and stated that it considered them, there was no indication on the record as to if they were specifically rejected or why they were rejected. For instance, there was not a finding, a specific finding that factors in aggravation outweighed the factors in mitigation. And while that may be implied, given that the defense requested a variance from the guidelines, the defendant requested a sentence of 60 months, the mandatory minimum, the defendant himself did not know what arguments were credited in mitigation. What in our law requires that kind of specificity from the judge? Our law says the Court has to consider arguments that are made, but our law doesn't require judges to tell what particular weight they put on any particular argument. I would agree, yes, Your Honor, with respect to the, not a specific requirement to assign a weight to one particular argument, but the authority we're relying on for, we believe the law is that, I'm quoting from U.S. v. Villegas-Miranda, cited in our brief 579F3rd 798801, 7th Circuit, 2009, quote, I wrote, a sentencing court, and then quote, must state its reasons for rejecting a defendant's principal arguments if the arguments have merit. We submit that the arguments were meritorious, they've been recognized by several courts of appeals as having merit. The defendant was a first defender, this was his prior arrest. He pled guilty to the lead count in the indictment, which carried the mandatory minimum of 5 years. Understand he's not, every defendant isn't eligible for a below guideline sentence, but to go above the bottom of the guideline range, we believe wasn't sufficiently explained. One of the arguments you make in your brief is, that I want to ask you about, when you look at like our, what we've said in cases like Garcia, Segarra, and Brown, is you argue that the district court's inquiry in two different places in the sentencing transcript of whether mitigation, evidence, and anything else for that matter was adequately considered as you join issue with the exact way the district court presented the questions. Okay? You know what I'm talking about in your brief? Yes. Okay. Have we ever held, and did we hold in Segarra, Garcia, or Brown that the questions have to be asked in some sort of exact formulation of words? No, Your Honor. The, and the district court did consider them based on the court's recitation. What we don't know from the record is which arguments were persuasive or not. So you're not, even in your reply brief, you said that on page 2, the question did not track the language. And you said, nor did the court ask whether, and then you quote from Brown, these are arguments you're drawing upon from Garcia, Segarra, and Brown. So are you not, are you arguing that there's some kind of magic words formulation? The language in Garcia, Segarra, was that the court was to address, and I argued in my reply brief that address, and there's a distinction between address and consider. Address I believe involves some type of analysis so that the advocating party knows whether they were found persuasive or whether they were credited. Consider, the district court judge acknowledged that he considered them, but the defendant was left unknowing how they were resolved. And we quote the different case law for... How do you get around the second question the court posed? Do counsel for either side have any legal objection to the sentence I propose or request any further elaboration of my reasons under 3553, both as to the term of imprisonment or supervised release? Because under Garcia, Segarra, the time for that inquiry is supposed to be quote, after imposing sentence, but before advising the defendant of his right to appeal. In this case, the court, on page 37 of the sentencing transcript, posed that question before imposing judgment. The court had said it, but I... Do counsel for either side have any legal objection to the sentence I propose or request any further elaboration of my reasons under 3553? And that came before the actual imposition of the judgment. Counsel, I'm looking at the three sentences that immediately precede what you just read, which states it is the judgment of the court that the defendant be committed to the Bureau of Prisons for a total term of 76 months. I understand that he says, I propose, and I perhaps... The written judgment was not entered until after the hearing, but I see clearly that he said, I'm going to give 76 months. And is there any objection? But then on line 25 of page 37, that's when the actual imposition of the order occurred. I realize, Your Honor, that it... Maybe it's a distinction without a difference, but that is the law from the circuit. And I suppose the rationale is it gives the lawyer one final opportunity before that window closes, before judgment is formally pronounced and imposed to raise any procedural objections. So I don't think there was a waiver in this case because the judgment had not even been orally imposed yet. Mr. Shepard, you asked to reserve three minutes for rebuttal. Do you want to save the remainder of your time? Yes. May it please the Court. Thank you. Okay. We'll hear from the government. Ms. Shmaisa. May it please the Court. Bronca Sima-Shepard, United States. The defendant has waived his Cunningham procedural error arguments. But even if he didn't, the district court did not commit procedural error. The defendant's procedural error argument is waived pursuant to Garcia-Segura, which counsels district courts to inquire of defendants during the time of sentencing whether the court had considered their arguments in mitigation. And the court did exactly that. After discussing the arguments in mitigation, the court asked the defendants, have I considered your arguments in mitigation? And the defendant answered, yes. And then after imposing the sentence and having a further discussion of aggravation and 3553A factors, the court again asked both of the parties, as Your Honor pointed out, does anybody have an objection to the sentence imposed or would like further elaboration of any part of the  How do you respond to Mr. Shepard's argument that that second inquiry was after the court said the sentence it intended to impose, but it didn't formally impose it until after then? Your Honor, the case law does not require the court to ask that question after any particular part of the sentencing hearing. In fact, in the Garcia-Segura line of cases, the court has stated that even posing that question after considering the arguments in mitigation, but before imposing the sentence, would be acceptable to trigger waiver. And waiver was triggered in this case. Additionally, Your Honor, in terms of the appropriate words to use, the case law does not require district courts to ask the question in some particular way. There are cases in the Garcia-Segura line of cases where district courts have asked, does anybody have an objection and would the defendant like further elaboration, which is exactly what Judge Blakey asked in the second time he asked that question during the sentencing hearing. So the court was spot on on what is required under the Garcia-Segura line of cases. Furthermore, even if the argument is not waived, the district court did not commit procedural error. The district court, based on the totality of the record, reviewed submissions by the parties, heard arguments by the defendant and the government, and went through all of the defendant's arguments in mitigation, crediting them, talking about mental health treatment, good conduct on pretrial release, family support. The district court even talked about the defendant's policy arguments, opposing the sentencing guidelines, and then went through the aggravation in the case. The district court thoroughly explained the sentence it imposed, the within-guideline sentence, and highlighted the horrific nature of the offense in doing that. And then finally, I'll just note that within-guideline sentence is presumed to be reasonable and is virtually unassailable, and how the court weighs those factors goes to the analysis of whether or not the sentence was substantively reasonable, not whether there was to the defendant's point about not knowing how the court weighed those factors or what the ultimate resolution of those factors was. That's not even a part of the procedural error analysis. So unless the court has further questions, I'll end by asking you to affirm the sentence. Okay, hearing none, thank you. Thank you. Judge Shepard, you're welcome to use the remainder of your time if you wish. Your Honor, respectfully, most of the government's cases also involved the judge's inquiry about whether it considered factors and mitigation after the imposition of the judgment, and I have not seen any case law that rejects the Garcia-Segura language about the time for that inquiry being after imposing sentence. I should say most of the government's cases involved after imposing the sentence, such as in the Brown case. The defendant's psychosexual evaluation, I'm turning to substantive reasonableness for a moment, put him at a low risk of recidivism. He was ineligible for a first offender adjustment under 4C because it seemingly doesn't apply to child pornography cases. So that was an argument that maybe a court can vary based on the fact that the guidelines don't account based on the totality of the record, including his early cooperation when the FBI came to see him initially. We'd ask the court for the relief of remand and a new sentencing hearing. Thank you. Mr. Shepard, thanks to you. Mr. Mesa, Mr. Kerwin, thanks to you. We'll take the appeal under advisement. Mr. Shepard, I see here that you took the case on appointment. Yes, Your Honor. We very much appreciate you doing so. Your service to your client, Mr. Siegel, and to the court. So thank you. Thank you.